SMITH *v.* STATE.

Feb. 8, 1954

No. 39000          52 Adv. S. 22          70 So. 2d 56

*John W. Prewitt,* Vicksburg, for appellant.

*Joe T. Patterson*, Asst. Atty. Gen., Jackson, for appellee.

KYLE, J.

The appellant was indicted with Joseph Collins on a charge of forgery. The appellant was tried separately, and was convicted and sentenced to serve a term of four years in the state penitentiary.

The appellant's co-indictee, Joseph Collins, entered a plea of guilty and testified as a witness for the State. The State's proof showed that Collins was employed by the D. C. Hall Transport Company as a truck driver at its place of business in the City of Vicksburg. On December 10, 1952, Collins delivered to the Barfield Feed and Seed Company, which was owned and operated by Marty D. Barfield, 20 blocks of Swift's mineral salt, and received payment therefor in the sum of $51.49 in cash. After making one or two other deliveries, Collins proceeded to a place in the City of Vicksburg called the Casa Blanca, where he met the appellant, David Smith. Col-

lins told the appellant that he wanted him to write a check for him, and Collins and the appellant then went to the appellant's home, where they could have access to an "ink pen." Collins had procured from the First National Bank of Vicksburg a blank check, which he had with him when he arrived at the appellant's home. The appellant wrote the check for Collins in the amount of $51.49, making the same payable to D. C. Hall Transport Company, and signed the name of "M. D. Barfield" to the check. The appellant then accompanied Collins back to the warehouse of the D. C. Hall Transport Company, and Collins delivered the check to the D. C. Hall Transport Company, instead of the cash money that had been paid to him by the Barfield Feed and Seed Company. After Collins got off from work late in the afternoon, he and the appellant returned to the Casa Blanca, and Collins said that he then gave the appellant twenty-odd dollars. Collins testified that he had promised the appellant part of the money for his services in writing the check, and that he had informed the appellant that the money had been collected from the Barfield Feed and Seed Company; and Collins stated that the appellant knew that the check was to take the place of the money. Collins had requested the appellant to write the check for him, because he could not "write good."

The appellant, testifying in his own behalf, admitted that he had written the forged check at the request of Collins, and that he had accompanied Collins to the D. C. Hall Transport Company's warehouse after writing the check, and had assisted Collins in his work until Collins got off from work late in the afternoon. The appellant admitted that he and Collins then proceeded to the Casa Blanca, where Collins gave him $14 in money, and that he and Collins visited several night spots in the City of Vicksburg during the night, purchasing liquor and playing the music boxes, until about 3:00 a.m. But the appellant denied that when he wrote the check he had any

knowledge of Collins' purpose in having him write the check.

■■■ The first point argued by the appellant's attorney as ground for reversal on this appeal is that the court erred in granting an instruction to the State which purported to embody all the essential elements of the crime of forgery, yet omitted the essential requirement of intent to defraud. The appellant's criticism of the instruction referred to is a valid criticism; but the omission of the essential element of fraud in that instruction was cured by other instructions granted to the State and the instructions granted to the defendant, in which the jury was plainly told that they must acquit the appellant unless they believed from the evidence beyond a reasonable doubt, and to the exclusion of every reasonable hypothesis, that the appellant wrote the check with the intent to defraud.

■■■ This Court has held in many cases that the instructions must be read and construed as a whole. Bone v. State, 207 Miss. 868, 43 So. 2d 571. The instruction referred to, standing alone, would be erroneous, but when read together with all of the other instructions, both those of the State and the appellant, the error is harmless.

■■■ The next point argued by the appellant's attorney is that the conviction should not be upheld because it was obtained on the uncorroborated testimony of the appellant's co-indictee, Collins. But much of Collins' testimony was corroborated by the testimony of the appellant himself. We think that the question of the appellant's guilt was properly submitted to the jury, and that there was ample evidence to support the verdict of the jury. The judgment of the lower court is therefore affirmed.

Affirmed.

*Roberds, P. J.,* and *Arrington, Ethridge* and *Gillespie, JJ.,* concur.